UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SILGAN CONTAINERS, LLC
a California limited liability company
Suite 1600
21600 Oxnard Street
Woodland Hills, CA 91367,

        Plaintiff,

        v.

Case No.: 1:18-cv-213

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS, AFL-CIO,
000 Machinists Place
Upper Marlboro, MD 20772-2687,

        Defendant.

## COMPLAINT

Silgan Containers, LLC ("Silgan" or "Plaintiff"), by its attorneys, Reinhart Boerner Van Deuren s.c., as and for its Complaint against Defendant, International Association of Machinists and Aerospace Workers, AFL-CIO ("IAM" or "Defendant"), alleges as follows:

### PARTIES

1. Silgan is a California limited liability company with a principal address at 21600 Oxnard Street, Suite 1600, Woodland Hills, California 91367 and a manufacturing facility within this division of this judicial district. Silgan is the largest provider of metal food packaging in the United States.

2. Upon information and belief, IAM is an international labor organization engaged in representing or acting for employees in an industry affecting interstate commerce as defined in the National Labor Relations Act, as amended, 29 U.S.C. §§ 142(1), (3), and 152(5), (6), and (7). IAM has organized workers at several Silgan facilities, including a Silgan facility within this judicial district.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, false designation or origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §1051 *et seq*.

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121, because it involves an action arising under the federal Lanham Act, and Plaintiff owns federal registrations in the mark at issue.

5. This Court has personal jurisdiction over Defendant based upon Wisconsin's long-arm statute, Wis. Stat. § 801.05(1)(d) and (3), because the Defendant is engaged in substantial and not isolated activities within this state, including representing or acting for employees in the state.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendant is subject to the Court's personal jurisdiction with respect to this action and therefore resides in this district.

## PLAINTIFF'S TRADEMARK RIGHTS TO SILGAN TRADEMARK

7. Plaintiff is well known nationally and internationally for its container products sold under the SILGAN trademark. Plaintiff has sold products bearing the SILGAN trademark throughout the United States for more than twenty-nine (29) years.

8. Plaintiff owns U.S. Federal Trademark Registrations No. 1722008; 1689822; 1742109; 3244912; 3242483; 3258317; 3242493 for SILGAN (collectively, the "SILGAN Registrations"). The SILGAN Registrations cover the following goods: containers made of non-precious metal; metal closure caps for containers and bottles; machines for automatically applying closure caps to containers; non-metal closure caps for containers and bottles; containers made of synthetic resins (collectively, the "SILGAN Goods"). A chart summarizing the SILGAN Registrations is attached as Exhibit A.

9. Plaintiff began using the SILGAN trademark in April, 1988.

10. The SILGAN Registrations are in good standing and constitute prima facie evidence of Plaintiff's rights in and to SILGAN trademark for the SILGAN goods, under 15 U.S.C. § 1115.

11. The SILGAN Registrations are incontestable under 15 U.S.C. § 1065.

12. Plaintiff has invested substantial sums of money in developing and marketing its products under the SILGAN trademark and has developed substantial goodwill and customer loyalty under the mark. As a result, consumers recognize the SILGAN trademark as an indicator of the source of Plaintiff's products.

13. The SILGAN trademark is distinctive, widely recognized, and was used in commerce before Defendant's first use of SILGAN.

**DEFENDANT'S INFRINGING ACTIVITIES**

14. Upon information and belief, Defendant is attempting to organize a union at Silgan's facility in Fort Dodge, Iowa.

15. A vote on the proposed union organizing effort at Silgan's Fort Dodge Plant is set for February 21 and 22, 2018.

16. Upon information and belief, to encourage employees to vote in favor of organizing a union, Defendant has created or directed agents to create one or more images for use and distribution on various social media platforms, including without limitation Facebook and Twitter (the "Infringing Images"). The Infringing Images contain both the IAM logo and the SILGAN trademark. In at least one of the Infringing Images, the IAM has used the same font for the SILGAN trademark as it used for the phrase, "Strong Unions Build Better Lives." True and accurate copies of the Infringing Images are attached as Exhibit B.

17. The contact listed on the Facebook page containing one or more Infringing Images is William LePinske, an individual listed as a "Special Representative" on the "Meet the Staff" page of the Midwest Territory section of the IAM website, www.goiam.org.

18. Plaintiff has not authorized Defendant or any third party to use the SILGAN trademark in connection with the Infringing Images.

**FIRST CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF § 1125(a) OF THE LANHAM ACT**

19. Plaintiff re-alleges and incorporates paragraphs 1-18 above as if fully set forth herein.

20. Plaintiff owns a protectable interest and trademark rights in the SILGAN trademark that were established at least as early as 1988.

21. Plaintiff actively enforces its rights in the SILGAN trademark against infringers.

22. Defendant uses the SILGAN trademark in its entirety on the Infringing Images.

23. Upon information and belief, Defendant intends and desires that the Infringing Images be viewed by members of the public engaged in interstate commerce and that the Infringing Images will affect ongoing labor relations between IAM and Silgan.

24. Plaintiff has not authorized or licensed Defendant to use the SILGAN trademark or any derivative mark for any purpose.

25. The Infringing Images and Silgan's legitimate uses of its own SIGLAN trademark are now and are likely to continue to be encountered by similar persons -- including without limitation Silgan employees at the Fort Dodge and other Silgan workplaces -- under the same or similar circumstances.

26. Such persons are likely to be deceived and mistaken as to the source or origin of the Infringing Images, the association or relationship between IAM and Silgan, and the degree to which Silgan approves or disapproves of IAM's efforts to organize the Silgan workforce.

27. Plaintiff's use and trademark rights in the SILGAN trademarks predate the Defendant's use of the SILGAN trademark.

28. By reason of Defendant's acts alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill.

29. Defendant's unauthorized use of the SILGAN trademark as set forth in this Complaint constitutes trademark infringement, false designation of origin, or false or misleading description of fact which has and is likely to cause confusion among relevant persons, or is likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods in commercial activities by Plaintiff, in violation of Section 43(a) of the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF A FEDERALLY-REGISTERED TRADEMARK

30. Plaintiff re-alleges and incorporate paragraphs 1-29 above as if fully set forth herein.

31. Without the consent of Silgan, Defendant has used and is using in commerce the registered mark SILGAN in connection with Defendant's own activities, including without limitation Defendant's efforts to organize the Silgan workforce and influence the February 21-22 vote.

32. Defendant's use of Plaintiff's registered marks is likely to cause confusion, or cause mistake, or to deceive.

33. On information and belief, Defendant knew or should have known of Plaintiff's trademarks at the time Defendant adopted or used the SILGAN mark.

34. On information and belief, Defendant created the Infringing Images with the intent to create confusion, or cause mistake, or to deceive.

35. Defendant's actions constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C §1114.

36. Plaintiff has no adequate remedy at law, and, if Defendant's infringing activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**WHEREFORE**, Plaintiff respectfully prays for judgment:

A. Preliminarily and permanently enjoining and restraining Defendant, its employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any campaign, organizing effort, business, service, or the sale, offering for sale, distribution, advertising, promotion (whether through social media or otherwise), labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever: (1) the SILGAN trademark, or any confusingly similar trademark; (2) any other false designation or false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendant or its activities, products, or services are related to, endorsed by, or sponsored in any way by Plaintiff; and (3) any other false designation or false description or representation or any other thing calculated or likely to injure the business reputation of Plaintiff or to harm or dilute the distinctive quality of Plaintiff's protectable trademark rights;

B. Requiring Defendant to deliver up to the Court for destruction, or to show proof (upon the oath of Defendant made subject to penalty of perjury) of said destruction, the Infringing Images and any and all other products, displays, labels, signs, circulars, packages, packaging, kits, wrappers, letterheads, advertisements, promotional items, literature, sales aids, or other matter in the possession, custody, or control of Defendant or its agents or distributors, including any materials posted on Defendant's web sites, which

7

Case 1:18-cv-00213-WCG   Filed 02/08/18   Page 7 of 9   Document 1

bear or depict in any manner the SILGAN trademark, or any confusingly similar trademark;

  C. Directing Defendant to recall from any and all channels of distribution any products and advertising and promotional materials distributed by Defendant (including without limitation all social media and internet postings or uses) bearing any matter or materials in violation of any injunction entered herein or bearing or depicting in any manner the SILGAN trademark, or any confusingly similar trademark;

  D. Directing Defendant to account to Plaintiff for its profits and ordering that Plaintiff shall recover from Defendant all of its damages and costs arising from the foregoing acts of intentional infringement and unfair competition, and a sum equal to three times these profits and damages pursuant to 15 U.S.C. §1117;

  E. Awarding to Plaintiff its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Defendant complained of herein, and that such damages be trebled;

  F. Awarding Plaintiff exemplary damages against Defendant in an amount sufficient to punish Defendant and to deter similar conduct in the future;

  G. Awarding Plaintiff its reasonable attorney's fees incurred as a result of this action, in accordance with applicable law, including 15 USC § 1117;

  H. Awarding Plaintiff the costs of this action, including expert witness fees, in accordance with applicable law;

  I. Awarding Plaintiff prejudgment, moratory and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Respectfully submitted,

Dated: February 8, 2018.

s/ David G. Hanson
David G. Hanson
WI State Bar ID No. 1019486
dhanson@reinhartlaw.com
Jeunesse Rutledge
WI State Bar ID No. 1094042
jrutledge@reinhartlaw.com

Of Counsel:

Daniel E. Kattman
WI State Bar ID No. 1030513
dkattman@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414-298-1000
Facsimile: 414-298-8097

*Attorneys for Plaintiff,*
*Silgan Containers, LLC*

39047625

9
Case 1:18-cv-00213-WCG   Filed 02/08/18   Page 9 of 9   Document 1