UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SILGAN CONTAINERS LLC,

        Plaintiff,

v.                                                                                                             Case No. 18-C-213

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, AFL-CIO,

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Silgan Containers LLC (Silgan), a Delaware limited liability company engaged in the business of manufacturing metal food packaging, claims Defendant International Association of Machinists and Aerospace Workers, AFL-CIO (IAM), an international labor organization, infringed Silgan's trademarks by using them in social media posts intended for Silgan employees at a manufacturing facility within this judicial district. Silgan claims IAM's use of its trademarks violates the Lanham Act because it is likely to cause consumer confusion or deception and deceive consumers as to the source of the allegedly infringing images. The principal relief Silgan seeks is a permanent injunction enjoining IAM from using the Silgan trademark and damages for IAM's infringement. This court has jurisdiction over the claims under 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121. This matter comes before the court on IAM's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. ECF No. 21. For the reasons that follow, the motion to dismiss will be granted.

# BACKGROUND

The following facts are taken from the Second Amended Complaint (SAC) and are presumed true for purposes of deciding the motion before the court. Silgan owns U.S. Federal Trademark Registrations Nos. 1722008, 1689822, 1742109, 3244912, 3242483, 3258317, and 3242493 for SILGAN—all of which are in good standing—for use with containers made of synthetic resins, containers made of non-precious metal, machines for automatically applying caps and closure caps to containers, as well as metal and non-metal closure caps for containers and bottles. ECF No. 3-3. Below are examples of the SILGAN trademark:

 

ECF No. 1-1. Silgan claims that IAM, in an effort to organize Silgan employees to vote in favor of unionizing, created the allegedly infringing images that use the SILGAN trademark for use on social media platforms, such as Facebook and Twitter. Below are examples of IAM's allegedly infringing use of the SILGAN trademark:





ECF 1-2 at 1, 4. Silgan has not authorized IAM or any other third party to use its trademarks in connection with the allegedly infringing images.

Silgan filed an initial complaint on February 8, 2018. Silgan subsequently amended its complaint twice, filing its Second Amended Complaint on August 7, 2018. ECF No. 18. In lieu of an answer, IAM filed a motion to dismiss for failure to state a claim on August 28, 2018. ECF No. 21.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations which are enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). In ruling on a motion to dismiss under Rule 12(b)(6), a court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity and Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

## ANALYSIS

IAM presents three arguments in support of its motion to dismiss: (1) the Norris-LaGuardia Act deprives the court of jurisdiction to issue injunctive relief in cases related to labor disputes; (2) Silgan's likelihood of confusion claim is not plausible; and (3) Silgan's complaint fails to establish IAM's use of the SILGAN trademark was commercial use.

### A.  Injunctive Relief and the Norris-LaGuardia Act

IAM argues that the Court does not have jurisdiction to grant injunctive relief because this action is intrinsically related to a labor dispute between the two parties. Silgan asserts that their complaint is solely about IAM's alleged infringement of their trademark, and thus outside the purview of the Norris-LaGuardia Act.

The Norris-LaGuardia Act states that no federal court shall have jurisdiction to enter injunctive relief "in a case involving or growing out of a labor dispute" nor "contrary to the public policy declared in this chapter." 29 U.S.C. § 101. Under the Act, a labor dispute "includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 113.

IAM relies on *Marriott Corp. v. Great America Service Trades Council, AFL-CIO*, 552 F.2d 176 (7th Cir. 1977), to support its argument that this case is related to a labor dispute. In *Marriott*, the plaintiff sought to enjoin the defendant labor organization from using the plaintiff's service mark, "Marriott's Great America," after the defendant published a newspaper ad directed at

4

potential employees of the plaintiff under the name "Great America Service Trades Council, AFL-CIO." *Id*. at 178. Although the controversy was "couched in terms of trademark infringement" by the plaintiff, the Court, quoting the Supreme Court, held that "it is necessary to inquire beyond the form or appearance of a dispute to its 'relative impact on . . . the interests of union members.'" *Id*. at 179 (quoting *Am. Fed'n of Musicians v. Carroll*, 391 U.S. 99, 107 (1968)). In its further inquiry, the Court found that the "injunctive relief was directed against the [defendant's] choice of name, which is intertwined with those efforts, legitimate labor objectives." The Court further elaborated:

> The choice of a particular name by a labor organization may very well facilitate its organizational drive to represent the employees of a particular employer. The name may serve to identify and publicize the employer which is the target of the campaign and to instill a measure of collective identity among employees. Such aims are legitimate union objectives in seeking the right to self-organization of employees under section 7 of the Labor Management Relations Act.

*Id*. at 179–80. The Court therefore held that injunctive relief was not available to the plaintiff, and reversed the district court's order granting such relief.

Arguing that the present case does not stem from a labor dispute, Silgan points to *Brach Van Houten Holding, Inc. v. Save Brach's Coalition for Chicago*, 856 F. Supp. 472 (N.D. Ill. 1994). There, the plaintiff sought a preliminary injunction against the defendant, a coalition that included labor unions whose goal was to prevent the plaintiff from closing a factory, for the sole purpose of enjoining the defendant from using the plaintiff's logo while still allowing the defendant to use the plaintiff's name. *Id*. at 474, 476. In granting the injunction, the Court noted that the defendant neglected to explain how the activities met the definition of a labor dispute, and relied on *Brotherhood of R. Trainmen v. New York C.R. Co.*, 246 F.2d 114 (6th Cir. 1957), which held that "objection to the closing of a railroad yard was not a labor dispute." *Id*. at 477.

5

Although Silgan argues that it "is not using a trademark dispute to challenge or shut down the IAM organization efforts," Pl.'s Resp. at 9, ECF No. 23, looking beyond the form of Silgan's claim it is apparent that the impact of the dispute on the interests of union members is significant. Silgan acknowledged as much in its second amended complaint, stating that "the Infringing Images will affect ongoing labor relations between IAM and Silgan." ECF No. 18, ¶ 22. In addition, unlike the plaintiff in *Brach*, Silgan seeks to enjoin IAM from using its name in any materials IAM produces. As noted in *Marriott*, a labor organization's name helps foster a collective identity and depriving IAM the use of Silgan's name would interfere with legitimate union objectives. While it may not be Silgan's intention to interfere with IAM's organization efforts through enforcement of its trademarks, here interference is unavoidable. As a result, this court does not have subject matter jurisdiction over Silgan's prayer for injunctive relief and those claims are dismissed.

**B.  Consumer Confusion**

IAM also argues that Silgan's infringement claims must fail more generally because Silgan's claim that IAM's use of the SILGAN trademark could result in consumer confusion is implaussible. Silgan counters that Silgan's use could result in confusion regarding Silgan's affiliation, endorsement, or approval of IAM's attempt to unionize its employees.

"Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible." *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). "[G]eneral confusion 'in the air' is not actionable. Rather, only confusion about 'origin, sponsorship, or approval of . . . goods' supports a trademark claim." *Id*. at 701 (citing 15 U.S.C. § 1125). When considering the plausibility of such an allegation, a court should consider the following seven-factor test:

6

> [1] the degree of similarity between the marks in appearance and suggestion; [2] the similarity of the products for which the name is used; [3] the area and manner of concurrent use; [4] the degree of care likely to be exercised by consumers; [5] the strength [or "distinctiveness"] of the complainant's mark; [6] actual confusion; and [7] an intent on the part of the alleged infringer to palm off his products as those of another.

*Id*. at 702 (quoting *McGraw-Edison Co. v. Walt Disney Prods.*, 787 F.2d 1163, 1167–68 (7th Cir. 1986)). "None of these factors by itself is dispositive of the likelihood of confusion question, and different factors will weigh more heavily from case to case depending on the particular facts and circumstances involved." *Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1087 (7th Cir. 1988). "As a consequence, the 'weight and totality of the most important factors in each case will ultimately be determinative of the likelihood of confusion, not whether the majority of the factors tilt the scale in favor of one side or the other.'" *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 898 (7th Cir. 2001) (quoting *Schwinn Bicycle Co. v. Ross Bicycles, Inc.*, 870 F.2d 1176, 1187 (7th Cir.1989)). Even though no one factor is decisive, the similarity of the marks, the intent of the defendant, and evidence of actual confusion are the "most important factors" in a likelihood of confusion case. *Id*. (citing *G. Heileman Brewing Co., Inc. v. Anheuser–Busch, Inc.*, 873 F.2d 985, 999 (7th Cir.1989)).

Assessing the factors, the court is convinced there is no plausible likelihood of confusion. IAM is not using the SILGAN trademark as a source identifier for its services or to sow confusion as to whether Silgan approves or is affiliated with IAM's efforts, but rather to identify Silgan as the employer of the employees IAM is attempting to unionize. Unlike the organization in *Brach*, IAM is not using a close copy of the SILGAN trademark or logo, but instead merely using the name "Silgan" as an identifier of the employer of the employees it seeks to assist in unionizing. IAM is not offering a competing product or service, and IAM's use is limited solely to social media platforms in conjunction

with its attempt to organize employees. Further, Silgan has not alleged nor provided any evidence of instances of actual confusion in its complaint.

Silgan's claim that "IAM's practice of overlaying its logo over the Silgan Trademarks causes confusion by conveying the appearance of approval or endorsement," Pl.'s Resp. at 14, ECF No. 23, rings hollow upon actual examination of IAM's allegedly infringing use on social media. Looking at the IAMSilgan Facebook page[1], IAM clearly identifies itself as a labor union. ECF No. 3-4 at 1. One of the posts on the Facebook page states the following: "We have already received reports that Silgan management has started with their scare tactics . . . . Should management continue to threaten Silgan workers, the Union stands ready to file charges with the National Labor Relations Board." *Id*. at 3. "[T]he question is not whether anyone who might view the marks would be confused; rather, the relevant class consists of consumers who might purchase either the plaintiff's or the defendant's products or services." *Epic Sys. Corp. v. YourCareUniverse, Inc.*, 244 F. Supp. 3d 878, 889 (W.D. Wis. 2017) (citing *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 455 (7th Cir. 2011)). Here, it is not plausible that the relevant consumers—Silgan employees—are likely to confuse IAM's use of Silgan as a sign that Silgan endorses IAM's efforts given the content and other identifying information on the Facebook page and Twitter account.

In considering the totality of the circumstances, it is also important to consider the juxtaposition of the parties. Confusion is even less likely to occur here in the context of an attempt to unionize laborers given the inherent adversarial relationship between IAM and Silgan in such a situation. *See Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr.*, 103

---

[1] The Facebook page changed after Silgan filed their initial complaint, and is now IAM at Silgan rather than IAM Silgan.

F.3d 196, 203 (1st Cir. 1996) (finding that defendant's use of identical reproductions of IAM's on pamphlets distributed to union members during a campaign to unionize defendant's employees would not cause confusion in part because of the labor dispute setting and contentious nature of such disputes). Having considered the factors, the court finds that Silgan's second amended complaint fails to allege facts sufficient to plausibly establish consumer confusion, a necessary element for both of Silgan's trademark infringement claims. As a result, the court need not address IAM's argument that its use was not use in commerce and will dismiss Silgan's second amended complaint.

## CONCLUSION

For the foregoing reasons, IAM's motion to dismiss (ECF No. 21) is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this 8th day of November, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court